## A91A1538. WILCOX v. THE STATE.
### (415 SE2d 23)

POPE, Judge.

Appellant/defendant Julius Connell Wilcox appeals his conviction for armed robbery. Construing the evidence in the light most favorable to support the jury's verdict, the evidence shows that defendant entered the Suwanee Swifty store in Fitzgerald, Georgia armed with a butcher knife. He distracted the clerk by asking for a certain brand of cigarettes and when she turned back around, he pointed the knife at her and demanded the money from the cash register. After removing the money from the cash register, he cut the telephone receiver cord and fled the store with the telephone receiver, money, cigarettes and knife in his possession.

A man saw defendant ride a bicycle to an overgrown area behind his house. Suspecting that something illegal was occurring, the man flagged down a police officer who was searching for defendant in the area. The police officer found the defendant in the overgrown area along with cigarettes, clothing, a bicycle, a telephone receiver and a butcher knife. Defendant had in his possession $145 at the time of his arrest. A police officer also found $51 in a tennis shoe in the same area.

After defendant was arrested, a police officer took him to the convenience store to see if the store clerk could identify him as the robber. The clerk was not able to make a positive identification.

1. Defendant argues that the trial court erred in failing to grant his motion in limine and motion to suppress. The defendant sought to exclude any testimony concerning the defendant being shown to the store clerk after his arrest to determine if he was the robber on the ground that it was unduly suggestive and tainted the in-court identification. The store clerk, however, was unable to identify the defendant both at the crime scene and at trial. Therefore, the crime scene confrontation could not have tainted the in-court identification as defendant contends.

2. Defendant contends that the trial court erred in denying his motion for mistrial which he made after the State was allowed to reopen its case and present the testimony of a jailer. The jailer testified that defendant's former girl friend, who testified for the State at trial, had visited defendant two days before trial. Defendant argues that allowing the jury to learn that defendant was incarcerated two days before his trial created a prejudicial comment upon the character of the defendant. Assuming arguendo that this statement refers to the defendant's record as he contends, the appellate courts of this state have consistently held that a passing reference to a defendant's record does not place the defendant's character in issue. See *Johnson v. State*, 256 Ga. 604 (2) (351 SE2d 623) (1987); *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977); *Cochran v. State*, 177 Ga. App. 471 (3) (339 SE2d 749) (1986); *Bell v. State*, 162 Ga. App. 527 (1) (292 SE2d 114) (1982).

3. Defendant further alleges that the trial court erred in allowing the State to reopen its case and present the testimony of the jailer because he was not on the State's witness list. OCGA § 17-7-110 allows a prosecuting attorney to present the testimony of a witness whose name does not appear on the State's list of witnesses if the State shows that the evidence sought to be introduced is newly discovered evidence which the State was not aware of at the time it presented the list of witnesses to the defendant. The testimony of the jailer was presented to rebut certain testimony elicited from one of the State's witnesses during cross-examination. The testimony con-

cerned a visit by another witness to defendant two days before trial, well after the witness list was presented to defendant. It was obviously testimony that the State did not expect to present at the time the list of witnesses was presented to defendant. We do not find that the trial court abused its discretion in allowing the State to present the complained of testimony. See *Yeomans v. State*, 229 Ga. 488 (2) (192 SE2d 362) (1972).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992.

*Morris & Webster, J. David Tucker*, for appellant.

*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney*, for appellee.