### A97A2062. PIAST v. THE STATE.
(495 SE2d 875)

BIRDSONG, Presiding Judge.

Wojciech G. Piast appeals his conviction for driving under the influence of alcohol in violation of OCGA § 40-6-391. He contends the trial court erred by granting the prosecution's motion in limine to exclude argument or comment on the fact that there was no evidence of a chemical test or other evidence to show how much alcohol was in Piast's system, and also erred by refusing to give a defense requested charge. Piast further contends the evidence was insufficient to sustain his conviction.

The evidence, construed most favorably to support the verdict, shows that Piast was stopped by a law enforcement officer after his automobile was observed traveling at a high rate of speed. During the traffic stop the officer detected the strong odor of alcohol coming from Piast and also noted that Piast's speech was slightly slurred, his eyes were bloodshot and glassy, and his face was slightly flushed. Piast also admitted that he had a couple of drinks that evening. The officer also administered several field sobriety tests which Piast performed in such a manner that caused the officer to decide that Piast was under the influence of alcohol to the extent that he was a less safe driver.

Piast was then placed under arrest, read his implied consent rights, and asked to take a State-administered blood test. Piast refused to take the test. Piast was charged with driving under the influence of alcohol, speeding, and no proof of insurance.

Subsequently, Piast moved to suppress the evidence that he had refused to take the blood test, and based upon the evidence presented at the hearing, the trial court granted the motion and prohibited the prosecution from making reference to Piast's refusal at trial. Prior to

trial, however, the trial court also granted the prosecution's motion to prevent Piast from making any mention of the lack of a State-administered alcohol test. After a jury trial, Piast was convicted of driving under the influence and speeding. This appeal followed. *Held*:

1. The trial court did not err by excluding comment on the inability of the prosecution to present evidence of an alcohol test. Piast's reliance on *Morgan v. State*, 267 Ga. 203 (476 SE2d 747), is misplaced. In *Morgan*, our Supreme Court overruled the line of cases holding that a criminal defendant could not argue about the failure of the State to call witnesses who from matters properly in evidence could be expected to testify about material and relevant facts. That situation is not presented in this case. Here, at Piast's request, the prosecution was prevented from presenting evidence concerning his refusal to take a blood test. It would be manifestly unfair to prevent the prosecution from presenting this evidence and at the same time comment upon the prosecution's failure to do so. Moreover, the exclusion of this argument is but a logical extension of the trial court's initial ruling excluding mention of the failure of Piast to take the blood test.

2. Piast contends the trial court erred by refusing to give his charge that after quoting OCGA § 40-6-391 stated, "In other words, the driver had been so affected by the intoxicant that it adversely affected his operation of the motor vehicle. This is the level of proof which is required for a conviction. It is not enough that the evidence merely shows that the defendant was affected to any extent whatsoever." It is a fundamental rule in this state that jury instructions must be considered as a whole in determining whether there was error in the charge. *Hambrick v. State*, 256 Ga. 688 (353 SE2d 177). And, it is not error to fail to charge in the exact language of a requested charge if the principles of law embodied in the request are included in the charge given. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 160 (256 SE2d 916). Although the matters contained in the requested charge were not necessarily objectionable, we find no error in the trial court's refusal to charge because the entire charge given fully and adequately instructed the jury on the evidence necessary before Piast could be convicted of driving under the influence, and Piast has identified no portion of the requested charge which was not covered in the charge given.

3. Having reviewed the evidence, and in particular the arresting officer's testimony, in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED JANUARY 16, 1998.

*Germano, Kimmey & Cheatwood, John L. Kimmey III*, for appellant.

*Joseph N. Walden III, Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Assistant Solicitor*, for appellee.