## A99A1702. SETTLE v. THE STATE.
(521 SE2d 423)

ELDRIDGE, Judge.

A Cobb County jury found Robert K. Settle guilty of driving with a suspended license, no insurance, no proof of insurance, and driving with an expired tag. He appeals, challenging only the introduction of two similar transactions. Finding no error, we affirm.

At a pre-trial similar transaction hearing, the State put forward evidence that on May 7, 1991, Settle was stopped in Cobb County for running a stop sign. He had no proof of insurance and a computer check of his driver's license, No. 288386777, showed that his license was suspended. Thereafter, the State put forward evidence that on May 4, 1994, Settle was stopped in Cobb County for driving in the rain without his headlights on. A computer check of his license, No. 288386777, showed that his license was suspended. In the case-in-chief, Settle was stopped in Cobb County on February 23, 1998, for driving with an expired tag. A computer check of his license, No. 288386777, showed that his license was suspended. The State offered the evidence "to show course of conduct and bent of mind of driving his vehicle with no insurance and while his license is suspended." The trial court admitted the evidence. *Held*:

Unless clearly erroneous, appellate courts uphold a trial court's decision to admit evidence. While it is error to allow similar transaction evidence solely to show a probability that the defendant committed the crime because he is a man of criminal character, a court may permit such evidence to show course of conduct. There must be sufficient similarity or connection between the independent crime and the offense charged so that proof of the former tends to prove the latter. *Rehberger v. State*, 235 Ga. App. 827, 829 (510 SE2d 594) (1998). In the case sub judice, the 1991 and 1994 incidents are similar enough to the case-in-chief so that the proof of one tends to prove the others. All three offenses demonstrate Settle's course of conduct in driving on the roads of Cobb County with a suspended license. There was no error in admitting the similar transaction evidence.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JULY 29, 1999.

*Patrick G. Longhi*, for appellant.
*Barry E. Morgan, Solicitor*, for appellee.