## A01A0122. HARPER v. THE STATE.
(545 SE2d 650)

ELDRIDGE, Judge.

A Henry County jury found Howard A. Harper guilty of DUI — less safe driver and reckless driving. He appeals the jury's verdict by challenging (1) the sufficiency of the evidence against him, and (2) the trial court's denial of his motion for mistrial based on an allegedly improper comment made by the prosecutor during closing argument. Finding no merit to Harper's contentions, we affirm.

1. The evidence shows that a Hampton city police officer found Harper's car rolling slowly on the shoulder of a road just outside the Hampton city limits in Henry County. The officer discovered Harper slumped behind the wheel, smelling strongly of an alcoholic beverage. The officer asked Harper if he knew where he was, and Harper replied, "Spalding County." When asked to exit the car, Harper almost lost his footing; he was unsteady on his feet, staggering; and his eyes were watery and bloodshot. A field alco-sensor test showed positive for the presence of alcohol. Subsequent attempts to conduct field sobriety tests were abandoned when it appeared Harper's advanced state of intoxication prevented conducting such tests safely. Thereafter, Harper told another officer that he was driving home from work in Fairburn.

Harper contends the evidence was insufficient to show that he was driving or in actual physical control of a moving vehicle. We disagree. Besides the strong inferences that can be drawn from Harper's presence slumped behind the wheel of a vehicle rolling along the shoulder of the road, Harper also admitted he was driving the automobile home from work.[1] We find this evidence sufficient for a rational trier of fact to have found beyond a reasonable doubt that Harper was in actual physical control of a moving vehicle.[2]

2. Closing arguments were not recorded. However, the trial transcript shows that Harper registered an objection to a portion of the State's closing argument as containing an allegedly improper comment on the defendant's failure to put up evidence. While not agreeing that the prosecutor's comment was improper, the trial court, as a precautionary measure, instructed the jury that no adverse inference

---

[1] See *Morris v. State*, 172 Ga. App. 832, 833 (1) (324 SE2d 793) (1984).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

should be drawn from the defendant's failure to testify and that the defendant has no burden of proof.

Later, at the hearing on the motion for new trial, the prosecutor's allegedly improper comment was established as, "[I]f there was another person driving the vehicle, where is that person?" The trial court denied Harper's motion for new trial on this ground, finding that the comment was not improper since the defense questions at trial seemed to imply that someone other than Harper had been driving the car.[3] "The State may note in closing argument the defense's failure to present any evidence to rebut the proof adduced by the State. It is reference to the failure of the defendant himself to testify which is prohibited."[4]

Here, the remark Harper finds offensive was related to the fact that Harper had the right to present evidence and subpoena witnesses, yet no one was brought forward as the "real driver" of the vehicle. This is not a comment upon Harper's failure to testify, but "was merely a suggestion that the State's proof of appellant's guilt had not been rebutted."[5] As such, no error appears.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 16, 2001.

*Webb, Stuckey & Lindsey, Martin C. Jones*, for appellant.
*John T. Rutherford, Solicitor, Christopher E. Chapman, Assistant Solicitor*, for appellee.

---

[3] Defense counsel's questions were in the nature of "are you sure [Harper] wasn't just parked on the side of the road and had been there for some time"; "did you check the engine to see if it was warm"; "when you arrived on the scene, did you see Mr. Harper's car moving"; and "do you know that he [Harper's brother-in-law] lives within two miles, within walking distance of where Mr. Harper stopped?" Indeed, before this Court, Harper argues that the State failed to prove he drove the vehicle to the shoulder of the road where it was found. Within this argument and defense counsel's questions stands the clear implication that someone else must have driven the car.

[4] (Citations omitted.) *Hutchinson v. State*, 179 Ga. App. 485, 486 (2) (347 SE2d 315) (1986).

[5] *Hufstetler v. State*, 171 Ga. App. 106, 110 (13) (319 SE2d 869) (1984).