## A02A1879. SHOCKLEY v. THE STATE.
(570 SE2d 67)

BLACKBURN, Chief Judge.

Following a jury trial, Joshua Shockley appeals his convictions for driving with a suspended license, driving under the influence, and falsely reporting a crime, contending that: (1) the evidence was insufficient to support the verdict of driving under the influence; and the trial court erred by (2) denying his motion for mistrial after inappropriate arguments by the State regarding his future dangerousness during closing argument; (3) refusing to charge the jury on the lesser included offense of reckless driving; (4) improperly charging the jury on driving under the influence; (5) allowing prior DUI convictions to be used as similar transactions showing bent of mind; and (6) preventing him from commenting on the State's failure to obtain a breath sample, despite the fact that he refused to consent to testing. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and [Shockley] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

*Phagan v. State.*[2]

Viewed in this light, the record shows that, on the night of July 26, 2001, Officer Robin Floyd was almost struck by Shockley, who was driving his green truck down the wrong lane of traffic. Officer Floyd, who was accompanied by a police trainee, turned around and followed the truck, which came to a stop in a small parking area adjacent to a home at 293 Cleveland Avenue in Athens. Officer Floyd pul-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

led up behind Shockley's truck, initiated her blue lights, and stepped out of her police car. Shockley exited the truck, and Officer Floyd called out to him. Shockley turned, looked at Officer Floyd, and ran into the bushes just behind the adjacent house.

Officer Floyd decided not to pursue Shockley because, at that time, an unrelated police chase was underway, and, in order to keep the radio free for the officers involved in this chase, Officer Floyd could not radio for backup assistance. Instead, Officer Floyd approached the abandoned truck, and she found a photo identification of Shockley inside. She also noted that the interior of the cab strongly smelled of alcoholic beverages. Officer Floyd secured the truck, and, although she circled the immediate area in her vehicle, she could not find Shockley.

At that point, Officer Floyd went to an unrelated crime scene to assist other officers. While there, Officer Floyd heard over the radio that Officer Gipson had been dispatched to 293 Cleveland Avenue to investigate a recent report of a stolen green truck. Officer Floyd asked Officer Gipson to stop by and talk with her first, and Officer Floyd related the events earlier that evening to Officer Gipson and gave him a physical description of Shockley. Officer Floyd also told Officer Gipson that she believed that Shockley might have falsely reported the theft in order to cover up his own criminal behavior.

Officer Gipson then traveled to 293 Cleveland Avenue, which turned out to be Shockley's home. Once there, Officer Gipson called Officer Floyd to tell her that Shockley matched her description. Officer Floyd traveled to Shockley's house, and, 30 to 45 minutes after first seeing Shockley run from his truck, Officer Floyd immediately recognized him. When Officer Floyd arrived at Shockley's home, Shockley's eyes were red, his speech was slurred, and his breath smelled of alcoholic beverages. In addition, Shockley was extremely nervous about the stolen vehicle report. Shockley refused to submit to a State-administered breath test. After further investigation, Officer Gipson arrested Shockley for driving with a suspended license, driving under the influence, and falsely reporting a crime.

Shockley was subsequently tried and convicted on each count. Shockley now appeals.

1. Shockley contends that the evidence was insufficient to convict him for driving under the influence.[3] We disagree.

The evidence at trial showed that Officer Floyd witnessed Shockley driving erratically, that he fled the scene when Officer Floyd arrived, that immediately thereafter, the truck smelled strongly of

---

[3] We note that Shockley does not challenge the sufficiency of the evidence to convict him for driving with a suspended license or falsely reporting a crime. As such, we do not consider these issues in this opinion.

alcoholic beverages, and that a short time after he was seen driving, Shockley was noticeably intoxicated. This evidence, along with evidence of prior DUI convictions presented at trial by the State, was sufficient to support the DUI conviction.

> A conviction for driving or being in actual physical control of a moving vehicle while under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only reasonable hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. There is evidence that appellant was driving the car, based on [Officer Floyd's testimony]. There is also evidence that appellant was intoxicated at the time he encountered the [police officer subsequent to fleeing. A] short time passed between the time defendant drove . . . and the time the officer found the defendant in the condition described above.

(Citations and punctuation omitted.) *Moon v. State.*[4] Based on this evidence, the jury could reasonably infer that Shockley was a less safe driver at the time of the incident. Id.

2. Shockley further contends that the trial court improperly denied his motion for a mistrial, based upon the State improperly commenting, during its closing argument, on the future danger he might impose on society. In fact, the transcript reveals that the State merely commented on the nature of the crime for which Shockley was being tried, not his future behavior. During closing, the State argued: "[S]omeone who continues to drive under the influence of alcohol puts themselves and their heavy machinery, we're talking about a pickup truck here, on the highways of our state and our city where we drive, that's not a nuisance, it's a threat." In context, this comment focused on Shockley's past actions, not his future ones. As such, Shockley's enumeration lacks merit. See generally *Philmore v. State.*[5]

3. Shockley next contends that the trial court erred by refusing his written request to charge the jury on reckless driving as a lesser included offense of driving under the influence. One crime may be a lesser included offense of another crime as a matter of law or as a matter of fact. OCGA § 16-1-6 provides:

> An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) It is established by proof of the same or

---

[4] *Moon v. State*, 211 Ga. App. 559, 560 (2) (439 SE2d 714) (1993).
[5] *Philmore v. State*, 263 Ga. 67 (428 SE2d 329) (1993).

less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

It is undisputed that reckless driving is not a lesser included offense of driving under the influence as a matter of law, as the crimes have different elements. Shockley argues, however, that, in this case, it is a lesser included offense as a matter of fact.

[T]he lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations, punctuation and emphasis omitted.) *Strickland v. State.*[6]

Here, Shockley was indicted for "driv[ing and being] in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe . . . to drive, in violation of OCGA § 40-6-391 (a) (1)." The indictment does not allege that Shockley placed anyone else in harm or danger, a fact necessary for a reckless driving charge. Thus, the facts alleged in the indictment are insufficient to support a charge for reckless driving, and, as such, reckless driving is not a lesser included offense of driving under the influence as a matter of fact in this case. See *Cooney v. State.*[7]

This Court has previously held that reckless driving may never appropriately be a lesser included offense of driving under the influence as a matter of law or fact. The offenses are equally serious. The offense of DUI results when an intoxicated person drives or controls a vehicle. This is true without regard to the commission of any specific act of endangerment to the public. While such drivers often commit other offenses, such as driving in the wrong lane as occurred here, such offenses are independently chargeable and are not lesser included offenses of DUI. We consider whether the act of DUI as charged is such an act of endangerment to the public as to authorize the jury to consider reckless driving as a lesser included offense. The

---

[6] *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).
[7] *Cooney v. State*, 205 Ga. App. 385 (422 SE2d 286) (1992).

underlying basis for the DUI statutes is clearly the prevention of endangerment of the public. However, the indictment here would not support a conviction for reckless driving on the DUI charge. It could not be a lesser included offense as a matter of fact. As we have held:

> By virtue of its codification in Article 15 of Title 40, reckless driving is as "serious a traffic offense" as driving under the influence. However, as defined in OCGA § 40-6-390 (a), reckless driving requires proof of a specific act which evidences a reckless disregard for the safety of persons or property. Driving under the influence, on the other hand, requires no proof of such a specific act, but proof of a general intoxicated condition. Considering that the elements are different and that both reckless driving and driving under the influence are equally "serious traffic offenses," it would appear that they are entirely separate and distinct crimes and that neither can ever be considered a lesser included offense of the other, as either a matter of law or of fact.

(Citations, punctuation and emphasis omitted.) *Kirkland v. State.*[8]

4. Shockley argues that the instructions given to the jury by the trial court regarding the charge of driving under the influence were erroneous and argumentative. The challenged jury instruction, however, is adjusted from the pattern charge found in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed. rev. 1996), pp. 138-138a (T) (2) (a) (1). Contrary to Shockley's contention, this largely pattern charge neither overemphasizes the evidence regarding the odor of alcohol, *Pecina v. State,*[9] nor inappropriately comments on the evidence of guilt. *Park v. State.*[10] This argument is without merit.

5. Shockley argues that the trial court erred by allowing the State to offer prior DUI convictions as similar transactions in this case. However,

> [t]he State satisfied all three prerequisites for the introduction of similar transaction evidence. First, the State introduced evidence of the prior DUI offense for the purpose of showing [Shockley's] bent of mind to consume alcohol and then operate a motor vehicle. Introduction of a prior DUI to show bent of mind in a subsequent DUI prosecution is a permissible purpose. Second, the State showed that [Shockley] was the perpetrator of the prior DUI. Third, the State

---

[8] *Kirkland v. State,* 206 Ga. App. 27, 33-34 (17) (424 SE2d 638) (1992).
[9] *Pecina v. State,* 274 Ga. 416 (554 SE2d 167) (2001).
[10] *Park v. State,* 220 Ga. App. 215 (469 SE2d 353) (1996).

showed that proof of the former DUI tended to prove the charge of driving under the influence. In considering this issue, we have noted that, unlike crimes against persons or property which might occur under various factual circumstances, it is the simple act of driving while under the influence that establishes the commission of the crime. Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so.

(Citations and punctuation omitted.) *Reese v. State.*[11] We find no error by the trial court in admitting evidence of Shockley's prior DUIs.

6. Finally, Shockley contends that the trial court erred by granting the State's motion in limine precluding him from commenting on the State's failure to produce a chemical test of his blood alcohol content, despite the fact that the State was prevented from pointing out that Shockley refused such a test. This issue has previously been ruled on adversely to Shockley's argument.

The trial court did not err by excluding comment on the inability of the prosecution to present evidence of an alcohol test. . . . Here, at [Shockley's] request, the prosecution was prevented from presenting evidence concerning his refusal to take a [breath] test. It would be manifestly unfair to prevent the prosecution from presenting this evidence and at the same time comment upon the prosecution's failure to do so. Moreover, the exclusion of this argument is but a logical extension of the trial court's initial ruling excluding mention of the failure of [Shockley] to take the [breath] test.

*Piast v. State.*[12]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 7, 2002.

*Gordon, Brown & Eberhardt, Michael E. Eberhardt*, for appellant.

---

[11] *Reese v. State*, 252 Ga. App. 650, 652 (2) (556 SE2d 150) (2001).
[12] *Piast v. State*, 230 Ga. App. 222, 223 (1) (495 SE2d 875) (1998).

*Ralph W. Powell, Jr., Solicitor-General, Patrick S. Ferris, Assistant Solicitor-General,* for appellee.