## A04A2343. OGLE v. THE STATE.
### (606 SE2d 303)

ELDRIDGE, Judge.

A DeKalb County jury found Michael W. Ogle guilty of aggravated child molestation and child molestation, which charges arose in relation to acts Ogle perpetrated against his 11-year-old stepdaughter. He appeals, claiming error in the introduction of an essay written by the victim and error in the introduction of testimony addressing the "ultimate issue"; he also alleges a claim of ineffective assistance of counsel. Finding no merit in the enumerated errors, we affirm.

1. Ogle argues that the admission of an essay written by the victim was error because the essay was an inadmissible "victim impact statement," and it was inadmissible as a prior consistent statement. This contention is meritless.

Ogle defended on the basis that the victim's accusations were sudden and unexpected; that she was "making this up because Mr. Ogle is strict, she has a boyfriend down in Alabama she wants to be with, and she is accusing him in order to get down there with the boyfriend." In support of this defense, four witnesses were called to testify that, prior to the victim's accusation, Ogle's relationship with her appeared to be excellent and there appeared to be no difficulties between the two. In addition, Ogle introduced letters to him from the victim that stressed her love for him and indicated no problem in their relationship. In rebuttal, the State re-called the victim, who testified about the contents of an essay she had written as a class assignment several months before trial. In it, she wrote of Ogle's molestation and how during the abuse, in order to protect her mother and younger sister, she "deceived those around [her] making them believe that [they] had the perfect life and the perfect family." The defense objected to the essay because it was "cumulative" of the victim's videotaped statement that had previously been introduced.

To the extent that Ogle's current claims differ from the "cumulative" objection urged below, they are waived.[1] Further, the essay was not a "victim impact statement," which refers in capital cases to the effect/impact of a crime *after* its perpetration;[2] here, the complained-of essay dealt with the perpetration of the crime itself and the victim's attempts to hide it. Finally, the essay directly rebutted the inferences raised by defense witnesses who testified as to the "normality" of the victim's relationship with Ogle; the victim's essay explained that during the course of the abuse, she was living a lie by pretending to have a normal relationship with Ogle. Accordingly, the essay was admissible as rebuttal evidence. While Ogle claims that the essay was inadmissible as a "prior consistent statement" pursuant to the holding in *Woodard v. State*,[3] a victim's testimony about her *own* prior statement escapes the hearsay proscription that concerned the court in *Woodard*.[4]

2. An expert in forensic interviewing and child sexual abuse opined that the victim's "interview as a whole was consistent . . . with sexual abuse." Ogle objected on the basis of "ultimate issue." We find no reason for reversal. The expert's opinion, based upon her extensive experience as a forensic interviewer of sexually abused children, was that the victim's *interview* was *consistent* with one given by a child who has been sexually abused, leaving it for the jury to decide as to the credibility of the victim herself and the "ultimate issue" of whether sexual abuse actually occurred in this case.[5]

3. Ogle claims the trial court erred in finding on motion for new trial that he received effective assistance of counsel at trial; he claims trial counsel's ineffectiveness was shown in that his defense attorney (a) failed to object to specific questions the prosecutor posed to Ogle's niece; and (b) failed to properly object to the admission of the victim's essay. We find no error in denying Ogle's motion for new trial on this ground.

(a) The prosecutor questioned Ogle's niece regarding the familial relationships between the individuals named on the defense witness list and whether such individuals were "here today," to which latter question the reply was in the negative. Ogle claims that such questions merited an objection. However, during the motion for new trial, Ogle's trial attorney testified as to this issue that,

---

[1] *Rogers v. State*, 247 Ga. App. 219, 226 (9) (543 SE2d 81) (2000); *Ryans v. State*, 226 Ga. App. 595, 597 (2) (487 SE2d 130) (1997).

[2] *Pickren v. State*, 269 Ga. 453 (1) (500 SE2d 566) (1998).

[3] 269 Ga. 317 (496 SE2d 896) (1998).

[4] *Brown v. State*, 250 Ga. App. 147 (1) (550 SE2d 701) (2001).

[5] *Brownlow v. State*, 248 Ga. App. 366, 368 (2) (a) (544 SE2d 472) (2001); *Odom v. State*, 243 Ga. App. 227-230 (1) (a), (c) (531 SE2d 207) (2000).

[he] really didn't see how Mr. Hirsh [(prosecutor)] was going to get much hay out of it, for lack of a better term, because it was clear during the course of the trial Mr. Ogle had supporters because he had family that was here all the time, and then he had numerous people testify on his behalf. And as everybody knew, there were no witnesses to the alleged acts which occurred.

"The matter of when and how to raise objections is generally a matter of trial strategy."[6] Here, Ogle has not shown that trial counsel's decision to forego objection was a professionally unreasonable choice. "That an objection *could* be made does not demand its making when the impact would be negligible."[7]

(b) Ogle's ineffective assistance claim regarding trial counsel's failure to properly object to the admissibility of the victim's essay has been answered adversely to him in Division 1, supra. The essay was admissible in rebuttal, and the failure to make a meritless objection does not demonstrate ineffective assistance of counsel.[8]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED OCTOBER 29, 2004 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea*, for appellant.

*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[6] (Citation and punctuation omitted.) *Robinson v. State*, 278 Ga. 31, 36 (3) (c) (597 SE2d 386) (2004).

[7] (Emphasis in original.) *Harris v. State*, 265 Ga. App. 876, 879 (1) (e) (595 SE2d 683) (2004).

[8] *Hayes v. State*, 262 Ga. 881, 884-885 (c) (426 SE2d 886) (1993).