A04A2146. JONES v. THE STATE.
(606 SE2d 592)

MILLER, Judge.

Convicted of armed robbery, Shawn Jones argues on appeal that the evidence was insufficient and that his trial counsel was ineffective. We find no error and therefore affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Shawn Jones and three other men drove to a home to buy marijuana. Jones kept a gun under the seat "for protection." The homeowner told the four men that he did not have any marijuana. Shortly afterward, the homeowner's son and son-in-law arrived. The son went into the bathroom while the homeowner and the son-in-law remained in the living room. Moments later, the four visitors returned. While one of the men, Davis, remained outside,

the other three — Jones, Shinholster, and Robert Jones — entered the house. Shinholster pulled Jones's gun on the two men in the living room and demanded money. Jones ordered the son-in-law to remain on the floor, and then told Shinholster to "go ahead and pop both of them and let's go." Shinholster took money from one victim's shirt and from another's billfold. When the son came out of the bathroom, Jones told his companions to "tear out," and all four men fled. Jones's three co-defendants pled guilty to armed robbery. At trial, Jones was found guilty of that and other charges. His motion for new trial was denied. On appeal, Jones argues that the evidence was insufficient to support the armed robbery conviction and that he was denied effective assistance of counsel.

1. Jones first argues that the evidence fails to establish the elements of the crime of armed robbery. See OCGA § 16-8-41 (a) (elements including intent to commit theft, taking of property, and use of offensive weapon). We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, Jones admitted to knowing beforehand that "[s]ome shit was going down," to being present during the robbery, and to telling one of the victims to get on the floor. All three co-defendants placed Jones inside the trailer during the commission of the crime, and his car was driven to and from the scene. The jury had sufficient evidence for its guilty verdict. See OCGA § 16-2-20 (a) (person concerned in commission of crime may be convicted of it); see also *Howze v. State*, 201 Ga. App. 96, 97 (410 SE2d 323) (1991) (a defendant involved in armed robbery may be properly convicted even when he does not possess firearm).

2. In his motion for new trial, Jones argued that he was denied effective assistance of counsel when his lawyer: (a) failed to request a charge on robbery; (b) failed to object to a witness's passing reference to having talked to Jones "down at the county," meaning at the county jail; and (c) admitted during closing argument that Jones might appear "to some people" to be a "dangerous," "unsightly," or "unseemly" person. Jones renews these arguments on appeal.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."

*Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> There is a strong presumption that a trial attorney's performance falls within a wide range of reasonable professional assistance. When trial counsel does not testify at the motion for new trial hearing, the defendant has an extremely difficult task to overcome the presumption.

(Footnotes omitted.) *Anderson v. State*, 274 Ga. 871, 873-874 (4) (560 SE2d 659) (2002). Moreover, when the trial court has made a finding of fact in the course of determining that counsel's performance did not amount to ineffective assistance, we will not disturb that determination unless it is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986); *Gibbs v. State*, 213 Ga. App. 117, 118 (1) (443 SE2d 708) (1994).

(a) Since Jones was actively involved in the armed robbery, and since there is nothing to suggest that the robbery was committed without the use of an offensive weapon, there was no justification for a lesser charge of robbery as to him, even though he was not carrying the gun himself. *Carter v. State*, 257 Ga. App. 620, 621 (1) (571 SE2d 831) (2002) (no error in trial court's failure to consider lesser included offense of robbery by intimidation when evidence supported only armed robbery). Thus counsel's failure to request a charge to which Jones was not entitled could not have amounted to ineffective assistance. See *Goings v. State*, 265 Ga. App. 296, 299 (4) (593 SE2d 751) (2004).

(b) A passing reference to a defendant's incarcerated status does not place that defendant's character at issue. See *Wilcox v. State*, 202 Ga. App. 491, 492 (2) (415 SE2d 23) (1992). A failure to object to the passing reference to Jones being "down at the county" could not amount to ineffective assistance, then, since the objection would have been futile. See *Baskin v. State*, 267 Ga. App. 711, 714 (1) (c) (600 SE2d 599) (2004).

(c) Nor was counsel ineffective when he conceded to the jury in closing argument that Jones, an admitted drug and gun user, might appear "dangerous" to some. Counsel evoked these responses in the course of appealing to the jury to put aside its impressions and to focus on the evidence. We will not second-guess his choice of words as he did so. See *Allen v. State*, 263 Ga. 60, 62 (4) (428 SE2d 73) (1993) (defense counsel given wide latitude in closing arguments, with presumption that strategies were not deficient).

We have reviewed the record, and there was no ineffective assistance of counsel here.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2004.

*Layne & Layne, Alan P. Layne*, for appellant.
*Timothy G. Vaughn, District Attorney, Karen J. Young, Russell P. Spivey, Assistant District Attorneys*, for appellee.