A10A1696. SHY v. THE STATE.

(709 SE2d 869)

BARNES, Presiding Judge.

Following his convictions for two counts of first degree vehicular homicide (reckless driving), reckless driving, failure to maintain lane, driving in the emergency lane, and driving with a suspended license, John Wesley Shy appeals from the denial of his motion for new trial, contending that the trial court erred in admitting similar transaction evidence, and that the evidence was insufficient to support his conviction for reckless driving. Upon our review, and discerning no reversible error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on September 24, 2005, at approximately 4:00 p.m., a group of fire and rescue firefighters from DeKalb County were traveling back from assignment in the Gulf Coast when they saw a traffic accident on I-285 at Jonesboro Road. The firefighters stopped to assist until emergency officials could respond. Two of the people involved in the accident were obviously deceased. Another man, later identified as Shy, was still in the pickup truck that was apparently involved in the accident. The firefighters administered care to Shy until paramedics could arrive. An officer with the DeKalb Police Department responded to the scene of the traffic accident. When the officer arrived, "fire fighters . . . [were] rendering assistance to the driver of the red and white truck. And they had already covered the two deceased people on the scene there." The victims were later identified as a husband and wife who were traveling in

separate cars. The officer soon determined that the accident was within Atlanta's jurisdiction, and notified Atlanta police.

When paramedics arrived shortly thereafter, Shy had been removed from his truck and was lying on the ground next to the driver's side of his pickup truck. The paramedics immobilized him, placed him on a stretcher and loaded Shy into the ambulance. They noted that he had a small laceration on his lip, and could ascertain no other injuries, but out of concern for possible internal injuries "started two I.V.'s. One was a normal saline and one with lactated ringers . . . an electrolyte solution." Once in the ambulance, the paramedic smelled "a strong smell" of alcohol on Shy's breath and reported it to police when Shy was transported to Grady Hospital. When it was discovered that Shy did not have a driver's license, an officer was dispatched to the hospital to detain Shy until police could investigate the accident scene. The officer also noticed the smell of alcohol on Shy's breath, and after receiving direction from a superior officer, read Shy the implied consent warning. Shy consented, and his blood was drawn at 7:00 p.m. Shy told his treating doctor that he had been "drinking alcohol that day" and had struck another car. The test results were negative for the presence of alcohol.

There were no witnesses to the accident, but a police officer who specialized in accident reconstruction who was dispatched to the scene testified that based on his analysis of the accident scene, Shy was traveling northbound in the emergency lane of I-285 when he sideswiped a Honda belonging to the husband that was parked in the grassy area to the right of the emergency lane. He then collided with the wife's Grand Am that was parked a short distance ahead in the emergency lane, after which he hit the couple who had been standing near the car. They were lifted on the hood of the truck, which then traveled into the grassy area where it and the victims' bodies were found. The officer calculated that Shy was traveling between 28 and 31 miles per hour when he struck the couple. There was "no evidence of braking, of a quick maneuver to the right or anything on the roadway lanes itself. It was all on the shoulder or emergency lane."

Shy was charged with two counts of first degree vehicular homicide (DUI, alcohol), two counts of first degree vehicular homicide (DUI, alcohol and drugs), two counts of first degree vehicular homicide (reckless driving), one count of DUI (alcohol-less safe), and one count of DUI (less safe-alcohol and drugs). He was also charged with reckless driving, failure to maintain a lane, driving in the emergency lane, and driving with a suspended license. Following a jury trial, he was acquitted of the two counts of vehicular homicide (DUI), and DUI. He was found guilty of two counts of first degree vehicular homicide (reckless driving), reckless driving, failure to maintain a lane, driving in the emergency lane, and driving with a

suspended license.[1]

1. Shy first maintains that he was unfairly prejudiced by the admission of similar transaction evidence. He argues that the true purpose of the evidence of his four prior DUI convictions was to show his "general criminal character," and that while the DUI convictions were similar to each other, they were not sufficiently similar to the charged offenses. We disagree.

> Before evidence of independent acts may be admitted into evidence, the State must show that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). " '[A] transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences.' [Cit.]" [Cit.] Where, as here, such evidence is admitted for the purpose of showing bent of mind, a lesser degree of similarity is required than if introduced to prove identity. [Cit.]

*Collum v. State*, 281 Ga. 719, 723 (4) (642 SE2d 640) (2007). However, with regard to prior DUI convictions,

> it is the simple act of driving while under the influence that establishes the commission of the crime. Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so.

(Citations, punctuation and footnote omitted.) *Sanders v. State*, 258 Ga. App. 16, 20 (4) (572 SE2d 712) (2002). See *Shockley v. State*, 256 Ga. App. 892, 896 (5) (570 SE2d 67) (2002) (in DUI case, "unlike crimes against persons or property which might occur under various factual circumstances, it is the simple act of driving while under the

---

[1] At the close of the evidence the State nolle prosequi the two counts of first degree vehicular homicide (drugs and alcohol), and the DUI (drugs and alcohol) charge. The trial court noted for the record that it would have directed a verdict on those counts had they not been nol-prossed.

influence that establishes the commission of the crime"). This court has also previously held that where an accused is charged with reckless driving, test results showing his use of drugs are admissible because the reckless driving violation could have been precipitated by the drug usage. *Nash v. State*, 179 Ga. App. 702 (4) (347 SE2d 651) (1986), overruled on other grounds, *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (469 SE2d 22) (1996).

2. Shy also contends that the trial court's charge on similar transaction evidence was overly broad and permitted the jury to consider the evidence for improper purposes. We do not agree.

Shy argues that the trial court erred in charging the jury, in relevant part, as follows:

> Now ladies and gentlemen, this is the similar transaction charge you have heard. Sometimes evidence is admitted for a particular purpose. Such evidence may be considered by you, the jury, for the sole purpose for which the evidence is introduced and not for any other purpose. The law provides that evidence of other offenses of this defendant that are similar to the offense for which the defendant is on trial may be considered for the limited purpose of showing, if it does, the course of conduct and/or bent of mind in the crimes charged in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose.

We find no error, however, with the charge as given. The language at issue mirrors the language of the first paragraph of the charge on similar transaction evidence found in the Suggested Pattern Jury Instructions for Criminal Cases.

The language in the questioned charge does not expand the limited purposes for which similar transaction evidence can be used, but informs the jury that it could only consider the similar transaction evidence for the very limited purpose of showing "course of conduct" or "bent of mind" in the crimes charged. Contrary to Shy's contention, it did not, as did the instruction we found to be erroneous in *Rivers v. State*, 236 Ga. App. 709, 710 (1) (513 SE2d 263) (1999), direct the jury that they could consider similar transaction evidence to show any "element of the offense charged in this indictment," or otherwise expand its use for any improper purpose.

3. Shy enumerates as error that the trial court permitted prejudicial evidence of prior crimes to be admitted with State's Exhibit 57, the certified copy of his 2002 conviction for DUI. He contends that the exhibit contained a document entitled "State's Recommendation on Sentencing" which listed prior DUIs, other crimes, and other prejudicial information that should have been

redacted. Shy did not object on this basis, but was only granted a continuing objection to having the similar transaction evidence admitted. Thus, this error was not preserved for appellate review. *McDaniel v. State*, 204 Ga. App. 753, 754 (1) (420 SE2d 636) (1992) (record reflects that appellant reviewed the exhibits prior to their submission to the jury and voiced no objection; thus, the issue was not preserved for our review).

4. Shy contends that the circumstantial evidence was insufficient to support his conviction for reckless driving. We disagree. Reckless driving occurs when a person drives a vehicle "in reckless disregard for the safety of persons or property." OCGA § 40-6-390 (a). If the evidence is sufficient, whether a defendant's manner of driving under the circumstances demonstrated a reckless disregard for the safety of others is a question that is reserved for the jury. *Lesh v. State*, 259 Ga. App. 325, 326-327 (577 SE2d 4) (2003). To sustain a conviction based solely on circumstantial evidence, "the evidence need not exclude every inference or hypothesis except the guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference beyond a reasonable doubt, of guilt." (Punctuation and emphasis omitted.) *Davis v. State*, 187 Ga. App. 517, 521-522 (3) (370 SE2d 779) (1988).

Although Shy argues that there was no direct evidence of his manner of driving, and that the circumstantial evidence supported a separate hypothesis that he had lost consciousness because of heat exhaustion and dehydration before the accident, the jury considered the testimony regarding this alternative theory and obviously rejected it.

We conclude the evidence was sufficient for the jury to find beyond a reasonable doubt that Shy was driving his truck in a manner exhibiting a reckless disregard for the safety of others. OCGA §§ 40-6-393 (a); 40-6-390 (a). See *Shadix v. State*, 179 Ga. App. 644, 645 (3) (347 SE2d 298) (1986).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 29, 2011 —
RECONSIDERATION DENIED APRIL 14, 2011.

*Jones, Morrison & Womack, Wallace C. Clayton II*, for appellant.
*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Christopher M. Quinn, Assistant District Attorneys*, for appellee.