308 Ga. 302
FINAL COPY

S20A0026.  MATTOX v. THE STATE.

BLACKWELL, Justice.

Charles "Dre" Mattox was tried by an Evans County jury and convicted of murder and other crimes in connection with the fatal shootings of Dewayne Bacon and John Bacon.[1] Mattox appeals, claiming that the evidence is insufficient to support his convictions, that he was denied the effective assistance of counsel, and that his due process rights were violated by a lengthy delay in the disposition of his motion for new trial. Upon our review of the record and briefs, we see no error and affirm.[2]

---

[1] The record contains conflicting evidence about whether John and Dewayne were related.

[2] The victims were killed in May 2003. An Evans County grand jury indicted Mattox, along with Tomorris Geiger and Terrance Smith, in November 2004, charging them with two counts of murder with malice aforethought, eight counts of murder in the commission of a felony, two counts of armed robbery, two counts of aggravated assault, two counts of kidnapping, and two counts of hijacking a motor vehicle. Smith pled guilty to lesser charges and testified at Mattox's trial, which was held in October 2005. (Geiger was convicted on all charges in a separate trial, and this court affirmed Geiger's

1. Viewed in the light most favorable to the verdict, the record shows that, on the afternoon of May 6, 2003, Dewayne (a marijuana dealer in Evans County) was with a friend at a Claxton park when Tomorris Geiger (also a drug dealer) asked him for a ride. Dewayne agreed, and Geiger got into Dewayne's Honda Civic. Dewayne's friend remained at the park and would not again see Dewayne alive.

The next morning, John (also a marijuana dealer in Evans County) received a call at his home from Dewayne, who asked to be picked up. John's sister spoke to Dewayne, and she noticed that he "sounded nervous and anxious for [John] to get there" right away.

<hr />

convictions in <u>Geiger v. State</u>, 295 Ga. 648 (763 SE2d 453) (2014).) The jury acquitted Mattox of hijacking a motor vehicle and two counts of felony murder, but it found him guilty on all the other counts. The trial court sentenced Mattox to two consecutive terms of imprisonment for life for malice murder, two concurrent terms of imprisonment for life for armed robbery, and two concurrent terms of imprisonment for twenty years for kidnapping. The remaining felony murders were vacated by operation of law, and the aggravated assaults merged into the murders. Mattox timely filed a motion for new trial in November 2005, which he amended in October 2018, and the trial court denied that motion in May 2019. (As discussed in Division 4, infra, Mattox alleges that his due process rights were violated by this lengthy appellate delay.) Mattox timely filed a notice of appeal in June 2019, and the case was docketed in this Court for the term beginning in December 2019 and submitted for decision on the briefs.

John left his home in his Buick LeSabre to retrieve Dewayne, and he too would not be seen alive again by his friends or family.

A few hours later, Terrance Smith (also a drug dealer) was "chilling" in Claxton, "trying to get rid of some stuff," when Geiger pulled up in John's Buick and offered him a ride. Smith testified that Geiger drove him down a dirt road to an abandoned trailer (also located in Evans County), and Smith saw Mattox pull John out of the back seat of Dewayne's Honda. John was bleeding, and his hands were bound with duct tape. Geiger then pulled Dewayne out of the other side of the Honda, and Mattox and Geiger led the Bacons to a hole that had been dug in the ground near the trailer. Geiger forced the Bacons into the hole, and he fatally shot both of them in the head. Geiger and Mattox buried the bodies while Smith collected incriminating evidence from around the crime scene and the Bacons' cars. Mattox, Geiger, and Smith then left the crime scene in John's Buick, and — after they had crossed into Bryan County — they threw the incriminating items along both sides of a dirt road. The men then returned to the crime scene in the Buick, left it at the

abandoned trailer (along with Dewayne's Honda), and fled on foot. They rested at the home of Lucious Jones, and they told Jones and his wife that they were "running from the police." According to Jones, the men were sweaty and covered in scratches "like they [had been] running through a briar patch."

The Bacons were reported missing on May 8, and later that month, Bryan County police officers discovered a receipt and an insurance card with John's name along the side of a dirt road. Nearby, and along the sides of the same road, they discovered two shovels, two cell phones, duct tape, some of John's clothing, carpeting from John's Buick, and a capped (but empty) Fanta bottle. DNA recovered from the inner lip of the Fanta bottle was matched to Mattox. Two months later, Dewayne's and John's cars were discovered by the abandoned trailer, and their bodies were found buried nearby.

The evidence, as described herein, was sufficient under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to authorize a rational trier of fact to find beyond a

reasonable doubt that Mattox was guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). Georgia law also provides, however, that a felony conviction cannot be sustained by the uncorroborated testimony of an accomplice. See OCGA § 24-14-8 (in "felony cases where the only witness is an accomplice, the testimony of a single witness shall not be sufficient"). Mattox contends on appeal that the evidence is insufficient to sustain his convictions because, he says, the State failed to satisfactorily corroborate Smith's testimony.

Although it is true that "corroborating evidence must be independent of the accomplice testimony and must directly connect the defendant with the crime or lead to the inference that he is guilty," the corroborating evidence "may be circumstantial, it may be slight, and it need not of itself be sufficient to warrant a conviction of the crime charged." Dozier v. State, 307 Ga. 583, 586 (837 SE2d 294) (2019) (citation and punctuation omitted). Here, although there were some inconsistencies in Jones's testimony about

Mattox "running from the police," and there was, perhaps, some innocent explanation for the presence of Mattox's DNA on the Fanta bottle, the jury was authorized to find that such evidence sufficiently corroborated Smith's testimony. See Crawford v. State, 294 Ga. 898, 901 (1) (757 SE2d 102) (2014) ("Once the State adduces [corroborating] evidence, it is peculiarly a matter for the jury to determine whether the evidence sufficiently corroborates the accomplice's testimony and warrants a conviction." (Citation and punctuation omitted.)).

2. Mattox claims that he was denied the effective assistance of counsel during his trial. To prevail on a claim of ineffective assistance, Mattox must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. See Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Mattox must show that his lawyer performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing

professional norms. See id. at 687-688 (III) (A). See also <u>Kimmelman v. Morrison</u>, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Mattox must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U. S. at 694 (III) (B). This burden is a heavy one, see <u>Kimmelman</u>, 477 U. S. at 382 (II) (C), and Mattox has failed to carry it.

According to Mattox, his trial lawyer should have objected to several portions of the State's closing argument in which, he says, the prosecuting attorney mischaracterized the evidence.[3] But "a prosecutor is granted wide latitude in the conduct of closing argument, the bounds of which are in the trial court's discretion, to argue reasonable inferences from the evidence." <u>Faust v. State</u>, 302

---

[3] Mattox also claims on appeal that the alleged mischaracterizations constitute reversible error in themselves. But "the defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal." <u>Scott v. State</u>, 290 Ga. 883, 885 (2) (725 SE2d 305) (2012) (citation and punctuation omitted).

Ga. 211, 219-220 (4) (c) (805 SE2d 826) (2017) (citation and punctuation omitted). Each of the alleged mischaracterizations about which Mattox complains on appeal were "based on permissible inferences and legitimately supported by the facts in evidence, and, accordingly, trial counsel's failure to make a meritless objection to the State's closing argument is not evidence of ineffective assistance." Id. at 220 (4) (c) (citation and punctuation omitted).

3. Finally, Mattox contends that his due process rights were violated by a lengthy post-trial delay. Mattox was convicted and sentenced in October 2005, he filed a motion for new trial (with new counsel) in November 2005, he amended that motion in October 2018 (again with new counsel), and the trial court finally ruled on his motion in May 2019. But, as described below, Mattox's due process claim fails because he has not demonstrated any prejudice caused by the delay.

This Court "review[s] appellate due process claims under the four-factor analysis used for speedy trial claims set forth in Barker v. Wingo, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972), [which]

include the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Davis v. State, 307 Ga. 625, 632-633 (4) (837 SE2d 817) (2020) (citations and punctuation omitted). But in considering "whether an appellate delay violates due process, prejudice, unlike in the speedy trial context, is not presumed but must be shown." Id. at 633 (citation and punctuation omitted). And "we have repeatedly found that the failure to make [a] showing [of prejudice] in an appellate delay claim to be fatal to the claim, even when the other three factors weigh in the appellant's favor." Veal v. State, 301 Ga. 161, 168 (3) (800 SE2d 325) (2017).

Here, Mattox argues that he was prejudiced by the post-trial delay because, by the time the trial court conducted a hearing on his amended motion for new trial in February 2019, his trial counsel had died and was therefore unavailable to answer questions about his ineffective assistance claim. But pretermitting whether trial counsel could have offered any evidence in support of that claim (as described in Division 2, supra), Mattox did not even make such a

claim in his 2005 motion for new trial (despite being represented by new counsel).[4] Instead, he waited until October 2018 — by which time his trial lawyer had died — to assert an ineffective assistance claim. As a result, there is not a reasonable probability that Mattox's claim of ineffective assistance would be decided differently had the trial court more promptly ruled upon Mattox's motion for new trial. See <u>Davis</u>, 307 Ga. at 633 (4) ("Appellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different." (Citation and punctuation omitted.)).

<u>Judgment affirmed. Melton, C. J., Nahmias, P. J., and Boggs, Peterson, Warren, Bethel, and Ellington, JJ., concur.</u>

---

[4] Mattox's initial motion for new trial claimed only that the verdict and sentence were "contrary to the evidence," "against the weight of the evidence," and "contrary to the law and the principles of justice and equity."

DECIDED MARCH 13, 2020.
Murder. Evans Superior Court. Before Judge Cheney.

*Rouse & Copeland, Amy L. Copeland*, for appellant.

*Tom Durden, District Attorney, Joe G. Skeens, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Alex M. Bernick, Assistant Attorney General*, for appellee.