NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 17, 2026

S26A0174.  FADESIRE v. THE STATE.

PINSON, Justice.

Faruk Adedapo Fadesire was convicted of murder and other crimes in connection with the shooting death of Mikfeesha Dotson.[1] On appeal, he contends that his trial counsel rendered ineffective assistance by failing to object to two remarks the prosecutor made

---

[1] Dotson was killed on October 24, 2020. On August 3, 2021, a DeKalb County grand jury indicted Fadesire for malice murder (Count 1), felony murder predicated on aggravated assault (Count 2), aggravated assault (Count 3), and possession of a firearm during the commission of a felony (Count 4). Fadesire was tried before a jury from October 17 to 19, 2023, and was found guilty of all charges. The trial court sentenced Fadesire to life in prison for malice murder and five years in prison for possession of a firearm during the commission of a felony; the other charges merged for sentencing or were vacated by operation of law. Fadesire filed a timely motion for new trial, which he later amended twice through new counsel. The trial court held a hearing on the motion for new trial and then denied the motion on May 23, 2025. Fadesire filed a timely notice of appeal. The case was docketed to the term of this Court beginning in December 2025 and submitted for a decision on the briefs.

during closing argument. The first remark, in Fadesire's view, commented on Fadesire's right to remain silent. The second remark, again in Fadesire's view, expressed the prosecutor's personal belief about Fadesire's guilt. But that claim of ineffective assistance of counsel fails because a reasonable lawyer could have decided as a matter of strategy not to object to the prosecutor's remarks. So Fadesire's claim fails and his convictions are affirmed.

1. The evidence at trial showed the following. On the evening of October 24, 2020, Fadesire was in a motel room in Stone Mountain with a woman, Bianca Walker. It was pouring rain outside. At some point, Dotson knocked on the door and Walker let her in. Dotson sat down in a chair and Walker turned away. While Walker's back was turned, she heard gunshots. She turned back around and saw that Dotson had been shot. Fadesire, the only other person in the room, looked "scared." Fadesire immediately left the room, and Walker followed. Walker found someone she knew and asked the person to call 911. The call came in at 7:22 p.m.

Police soon arrived. Dotson had been fatally shot in the head

and torso. In the motel room, police found a debit card and identification cards belonging to Fadesire, as well as three spent 9-millimeter cartridge casings. Police confirmed with employees at the motel that the room was registered to Fadesire. Investigators were then quickly able to locate and interview Walker, and she later identified Fadesire in a photo lineup as the man who was in the room when Dotson was shot.

About a month later, police arrested Fadesire at an acquaintance's home in DeKalb County. The acquaintance testified that Fadesire had shown up at his home late one rainy night, two weeks or "[p]robably longer" before his arrest, "soaking wet" and carrying a gun. A search of the home incident to the arrest turned up a 9-millimeter semi-automatic pistol, which, according to the acquaintance, belonged to Fadesire. The gun was later determined to have ejected the three spent cartridge casings that were found at the crime scene.

2. Fadesire's contention on appeal concerns his counsel's fail-

ure to object to two remarks the prosecutor made during closing argument. The first had to do with motive. The prosecutor reminded the jury that the State does not have to prove why the defendant committed the crime, and then he said: "We are not required to prove why because that would require us to step into the brain of another person. And that is really hard to do. And with the constitutional protections afforded, nearly impossible. So we don't have to prove why." The second remark related to the question of identity. The prosecutor said: "Basically, this case boils down to identity. Who did it? It's the only question. I don't think it's a question, but it's the question that's raised. So let's talk about it. I know who did it. I'm pretty sure you guys know who did it. Identity." Fadesire contends that trial counsel's failure to object to these remarks violated his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution.

To prevail on a claim on ineffective counsel, a defendant must show both that counsel's performance was professionally deficient

4

and that he suffered prejudice as a result. See *Strickland v. Washington*, 466 US 668, 687 (1984); *Washington v. State*, 313 Ga. 771, 773 (2022). To show deficiency, the appellant must show that his lawyer performed "in an objectively unreasonable way," *Heyward v. State*, 319 Ga. 588, 592 (2024) (quotation marks omitted), which generally means showing that "no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not," *Evans v. State*, 315 Ga. 607, 611 (2023) (quotation marks omitted). To show prejudice, a defendant must show that, but for counsel's deficient performance, there was a "reasonable probability" that the result of the trial would have been different. *Heyward*, 319 Ga. at 592.

With those standards in mind, we consider the two challenged remarks in turn.

(a) Fadesire contends his counsel should have objected when the prosecutor said that "constitutional protections" make it impossible to "step into the brain" of another person. In Fadesire's view, that remark was an impermissible comment on the fact that

Fadesire did not testify at trial.

The Fifth Amendment to the United States Constitution protects a criminal defendant from being "compelled … to be a witness against himself." US Const. amend. V. See also OCGA § 24-5-506(a) ("No person who is charged in any criminal proceeding with the commission of any criminal offense shall be compellable to give evidence for or against himself or herself."). If a defendant invokes that right, for instance by choosing not to testify at trial, the State may not comment on his doing so. See *Glover v. State*, 309 Ga. 102, 106 (2020) (argument or evidence about the defendant's exercise of the right to silence or the right to counsel is generally considered improper); *Al Amin v. State*, 278 Ga. 74, 85 (2004) ("[A] prosecutor may not make any comment upon a criminal defendant's failure to testify at trial."). But not every remark that may incidentally relate to a defendant's silence is necessarily improper. In general, a prosecutor's remark is considered an improper comment on a defendant's right not to self-incriminate if "the prosecutor's manifest intention was to do just that" or if "the remarks were such that a jury would naturally and

necessarily" understand them as such. *Menzies v. State*, 304 Ga. 156, 163 (2018) (quotation marks omitted). See also *Kilgore v. State*, 300 Ga. 429, 432 (2017). And when the remark in question is made during a prosecutor's closing argument, that analysis means viewing the remark "in the context in which it was made." *Pyne v. State*, 319 Ga. 776, 785 (2024) (quotation marks omitted). Prosecutors are allowed wide latitude in their closing arguments, see *Blaine v. State*, 305 Ga. 513, 519 (2019), and within the bounds of that latitude, it is not improper for a prosecutor to "argue that evidence showing guilt has not been rebutted or contradicted," or to "respond to points made in — and issues omitted from — the defendant's closing argument," id. (quotation marks omitted).

Considered in that light, the prosecutor's comment here — that "constitutional protections" make it impossible to "step into the brain" of another person — was not improper, or at least not obviously so. Although the remark may have been an oblique reference to the right to remain silent, the prosecutor did not refer specifically to Fadesire's decision not to testify, and he did not try to shift the

burden of proof to Fadesire. Instead, in context, the remark was most reasonably understood as a comment on the difficulty of proving motive and an explanation for why the State did not have to do so. That is, the prosecutor was addressing a weakness in the State's case: there was no "why." Doing so was not obviously outside the bounds of the wide latitude permitted to prosecutors in closing arguments. See *Pyne*, 319 Ga. at 784, 786 (prosecutor's comment that "if there had been" evidence connecting an alternate suspect to the crime, "you would have seen it," was not improper burden-shifting but rather a response to the defense's argument); *Pearson v. State*, 277 Ga. 813, 815 (2004) (prosecutor's question during closing argument about why the defendant did not produce the gun he claimed he had fired in self-defense was not a comment on the defendant's right to remain silent, but rather a "valid attack on the credibility of [the defendant's] claim that the homicide was justified"). And because the comment was not obviously improper, a reasonable lawyer in Fadesire's counsel's place could have determined that an objection

would have been meritless. Not only that, but counsel also reasonably could have determined that an objection would not be in Fadesire's interest because it might have called more attention to Fadesire's silence than the remark itself. Trial counsel therefore did not perform deficiently by failing to make that objection. See *King v. State*, 316 Ga. 611, 624–25 (2023) (counsel was not deficient for failing to make an objection to the prosecutor's closing argument that would have failed); *Mattox v. State*, 308 Ga. 302, 304–05 (2020) (same).

(b) Fadesire also contends his counsel should have objected when the prosecutor said "I know who did it" while discussing the killer's identity. In Fadesire's view, that remark impermissibly injected into the argument the prosecutor's personal belief about Fadesire's guilt. See *Wyatt v. State*, 267 Ga. 860, 864 (1997) (a prosecutor "may not state before the jury a personal belief in the defendant's guilt"). But even assuming the prosecutor's remark was improper, counsel reasonably could have decided not to object for strategic reasons. First, an objection could have drawn attention to the

remark, which could have underscored for the jury the strength of the State's case against Fadesire. It is generally not objectively unreasonable for counsel to choose not to highlight an argument or piece of testimony with an objection. See, e.g., *Blalock v. State*, 320 Ga. 694, 700 (2025) (counsel could reasonably have decided not to object to a witness's testimony "to avoid drawing the jury's attention to the questions and [the witness's] invocation of her right against self-incrimination in response"); *Troutman v. State*, 320 Ga. 489, 498 (2024) (counsel could reasonably have decided not to object to the prosecutor's reference in closing argument to graphic photos that had been excluded from evidence, because the jury had already heard that the victim received gruesome injuries and an objection "would serve only to highlight the severity" of the injuries). Also, counsel could have reasoned that there was little to be gained by objecting. It was far from assured that the trial court would have granted a mistrial based on the prosecutor's relatively insignificant comment. See, e.g., *Ballin v. State*, 307 Ga. 494, 498–99 (2019) (trial court did not abuse its discretion by denying a mistrial and instead

giving a curative instruction after the prosecutor said "I'm clear on who killed [the victim]" while cross-examining a defense witness). More likely the trial court would have admonished the prosecutor not to express his personal opinion about Fadesire's guilt and then instructed the jury that it was responsible for deciding the question of identity — an instruction that the court gave anyway. See id. Counsel could have decided as a matter of strategy that those potential benefits were not worth the risk of emphasizing the State's case. See *Evans v. State*, 322 Ga. 652, 675–76 (2025) (counsel could reasonably have decided that "little would be gained" by objecting to the prosecutor's remark in closing argument that it was not known why the defendant was not charged with one of the robberies, because it was "unclear how [the defendant] could have benefitted" from an objection); *Powell v. State*, 291 Ga. 743, 745, 748 (2012) (counsel could reasonably have decided that "little would be gained" by objecting to the prosecutor's improper remark in closing argument that "[w]e don't bring it to indictment if we think the person is innocent," because, while the trial court might have rebuked the prosecutor, it

11

might also have rebuked defense counsel for his earlier speculation about the motives of the prosecution in bringing the indictment). Because counsel's failure to object was not objectively unreasonable, this claim fails.

*Judgment affirmed. All the Justices concur.*